IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                  ORDER

        v.                                  98-CR-45-C-03

ERIC T. GODWIN,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Eric T. Godwin's supervised release was held in this case on August 14, 2008, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney John W. Vaudreuil. Defendant was present in person and by counsel, Kelly A. Walsh. Also present was Senior United States Probation Officer William T. Badger, Jr.

From the record and defendant's stipulation I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on October 16, 1998, following his conviction for conspiracy to possess with intent to deliver cocaine base, a schedule II controlled substance, in violation of 21 U.S.C. § 846. The offense is a Class A felony. Defendant was sentenced to 120 months' imprisonment and five years' supervised release.

Defendant began his supervised release on January 19, 2007. On November 27, 2007, defendant violated the mandatory condition of supervised release prohibiting him from committing another federal, state or local crime. On June 2, 2008, defendant entered a plea of no contest and was found guilty of Disorderly Conduct (Domestic Abuse), a Class B misdemeanor; Criminal Trespass to Dwelling, a Class A misdemeanor; and Bail Jumping a Class A misdemeanor, in Rock County, Wisconsin Case No. 2007CM3646. Defendant also violated Special Condition No. 6, which prohibited him from having contact with Kimberly Calvin, the victim of his criminal conduct.

Defendant's conduct falls into the category of Grade C violations. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke, extend or modify the conditions of supervised release upon the finding of Grade C violations.

CONCLUSIONS

Defendant's violations include new criminal conduct involving domestic violence. The conduct warrants revocation. Accordingly, the five-year term of supervised release imposed on defendant on October 16, 1998, will be revoked. Defendant's criminal history category is III. With a Grade C violation and a criminal history category III, defendant has an advisory guideline term of imprisonment of 5 to 11 months. The statutory maximum to which he can be sentenced upon revocation is five years based on defendant's original conviction for a Class A felony.

After reviewing the non-binding policy statements in Chapter 7 of the Sentencing

Guidelines, I have selected a sentence within the guideline range. The intent of this sentence is to hold defendant accountable for his violations and protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on October 16, 1998, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of five months. A two-year term of supervised release shall follow. The special conditions of supervised release previously imposed shall remain in effect with the addition of Special Condition No. 7, which requires defendant to "participate and complete an anger management course."

Defendant does not have the financial means or earning capacity to pay the cost of incarceration. The sentence is to begin forthwith.

Entered this 15th day of August, 2008.

BY THE COURT:

/s/
BARBARA B. CRABB
Chief District Judge